OPINION
{¶ 1} Plaintiff-appellant, John Robinson, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint against defendant-appellee, the Industrial Commission of Ohio ("the Commission"), as moot. For the following reasons, we affirm that judgment.
 {¶ 2} On April 24, 2001, appellant suffered an industrial injury while employed by General Motors. As a result, he filed a claim for compensation and benefits with the Commission. At the time, appellant's sister was employed by the Ohio Bureau of Workers Compensation ("the Bureau") in Mansfield, Ohio. The Bureau's Mansfield office is located in the same building as the Commission's Mansfield office.
 {¶ 3} During the claim process, the Commission notified appellant that it would hold a hearing for his claim at the Commission's office in Cleveland, Ohio. Appellant requested that the Commission hold the hearing in its Mansfield office, the office closest in proximity to his home. The Commission refused appellant's request. The Commission asserted that its internal policies prohibited appellant from having a hearing in its Mansfield office because appellant's sister worked for the Bureau in the same building as the Commission's Mansfield office. Instead, the Commission's policies required appellant's hearing to be scheduled in the next closest regional office. Appellant subsequently filed the instant complaint, requesting declaratory relief as well as preliminary and permanent injunctions prohibiting the Commission from holding a hearing at any office other than the Commission's Mansfield office.
 {¶ 4} While appellant's case was pending, his sister retired from her position with the Bureau. As a result, the parties stipulated that appellant's hearings would now be held in the Commission's Mansfield office. The Commission then filed, pursuant to Civ.R. 12(B)(1), a motion to dismiss the case, arguing that there was no longer a case or controversy between the parties because appellant's hearings would now be held in the Commission's Mansfield office. The trial court agreed and dismissed appellant's complaint as moot.
 {¶ 5} Appellant appeals, assigning the following errors:
1. The Common Pleas Court erred in dismissing this action as moot.
2. The Common Pleas Court erred in failing to order the Industrial Commission to follow the law when scheduling hearings.
 {¶ 6} Appellant contends in his first assignment of error that the trial court erred in dismissing his complaint as moot. Generally, when a litigant receives the relief sought before the completion of the lawsuit, the action is moot and the case is dismissed. Peeples v.Department of Corrections (Oct. 12, 1995), Franklin App. No. 95API03-337; Ohio Civ. Serv. Emp. Assn., AFSCME, Local 11, AFL-CIO v.Ohio Dept. of Transp. (1995), 104 Ohio App.3d 340, 343. Appellant does not dispute that his case is moot. Appellant filed this case to have his hearings scheduled in the Commission's Mansfield office. His hearings are now scheduled in that office because his sister is no longer employed in the same building. Nevertheless, appellant contends the trial court should still resolve the issues raised in his complaint. We disagree.
 {¶ 7} There are exceptions to the mootness doctrine that allow a trial court to hear an otherwise moot case. Nextel West Corp. v. FranklinCounty Bd. of Zoning Appeals, Franklin App. No. 03AP-625, 2004-Ohio-2943, at ¶ 14. A court may hear an otherwise moot case when the issues are capable of repetition, yet evade review. See State ex rel. Beacon JournalPublishing Co. v. Donaldson (1992), 63 Ohio St.3d 173, 175; Deluca v.Aurora (2001), 144 Ohio App.3d 501, 508. A court may also hear an otherwise moot case when the issues involved concern a matter of great public or general interest. In re Suspension of Huffer from CirclevilleHigh School (1989), 47 Ohio St.3d 12, 14. The decision whether or not to hear an otherwise moot case is within the trial court's discretion and will not be reversed absent an abuse of that discretion. Lariscy v.Franklin Park Mall, Inc. (Feb. 7, 1986), Lucas App. No. L-85-245; see, also, Peeples, supra, (noting that court may, in its discretion, render judgment on moot arguments). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Appellant first argues that the dispute at issue may be heard because the issues are capable of repetition, yet evading review. We disagree. This exception to the mootness doctrine applies only in exceptional circumstances when both: (1) the challenged action is too short in duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. State exrel. Calvary v. Upper Arlington (2000), 89 Ohio St.3d 229, 231. "[T]here must be more than a theoretical possibility that the action will arise again." James A. Keller, Inc. v. Flaherty (1991), 74 Ohio App.3d 788,792.
 {¶ 9} Appellant has not established that this exception applies to his case. There is no reasonable expectation that appellant's hearings would again have to be held outside of the Commission's Mansfield office. In fact, the parties stipulated that appellant's hearings will now be held in the Mansfield office. The only reason appellant's hearings were not held in the Mansfield office was because of his sister's employment. Appellant's sister has retired and no longer works for the Bureau. Appellant does not allege that he expects his sister to return to employment at the Bureau's Mansfield office any time in the foreseeable future. Therefore, there is no reasonable expectation that appellant will be subject to the same action again. Nor does it appear that even if such a circumstance were to occur again involving appellant or anyone else, the issue raised by appellant would evade review. The trial court did not abuse its discretion by declining to apply the exception to the mootness doctrine to appellant's case.
 {¶ 10} Appellant also claims that his case may be heard because it involves issues that concern a matter of great public or general interest. This exception to the mootness doctrine should be used with caution and only on rare occasions. Nextel, at ¶ 15; Peeples, supra. "Ordinarily, however, it is only the highest court of the state that adopts this procedure rather than a court whose decision does not have binding effect over the entire state * * *." Nextel, quoting Harshaw v.Farrell (1977), 55 Ohio App.2d 246, 251; see, also, FranchiseDevelopers, Inc. v. Cincinnati (1987), 30 Ohio St.3d 28, paragraph one of the syllabus (holding that "this court" may hear a moot issue when great public or general interest is involved). Appellant's complaint attacks the Commission's policies for scheduling hearings for claimants who have relatives employed by the Commission or the Bureau. We do not view this case as one of such great public or general interest to warrant the application of this exception to the present facts, given the limited situations to which the Commission's policies would apply and our limited authority. The trial court did not abuse its discretion by declining to apply this exception to appellant's case.
 {¶ 11} In conclusion, the trial court did not err by determining that appellant's complaint was moot and did not abuse its discretion by refusing to hear appellant's otherwise moot complaint. Accordingly, appellant's first assignment of error is overruled.
 {¶ 12} Appellant's second assignment of error addresses the merits of his complaint. Because we have determined that the trial court properly dismissed appellant's complaint as moot, our disposition of appellant's first assignment of error renders his second assignment of error moot. App.R. 12(A)(1)(c).
 {¶ 13} In summary, appellant's first assignment of error is overruled, and his second assignment of error is moot. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and BOWMAN, JJ., concur.
BOWMAN, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.