OPINION
{¶ 1} Appellant, Lillian Jones, ("appellant") appeals from the November 24, 2003 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the trial court sustained the motion of appellee, Franklin County Children Services ("FCCS") for permanent custody of appellant's minor children.
 {¶ 2} The record reveals the following facts. Alexia Brown ("Alexia") was born on November 24, 1991, and Debra Brown ("Debra") was born on January 1, 1996, to appellant and Michael Brown ("Brown"). On July 31, 2000, complaints were filed alleging Debra to be both neglected and dependent, and Alexia to be abused, neglected and dependent. A guardian ad litem was appointed to represent the children. After an adjudication of dependency on October 27, 2000, the court granted temporary custody of the children to FCCS.
 {¶ 3} On May 15, 2002, FCCS moved for permanent custody of Debra and Alexia. The hearings on the motion occurred on June 6, 2003, July 14, 2003, July 21, 2003, September 16, 2003, September 18, 2003 and October 3, 2003. On November 5, 2003, the magistrate issued a decision, in which permanent custody of Debra and Alexia was awarded to FCCS for purposes of adoption, and recommended that the parental rights of appellant and Brown be terminated. The trial court adopted the magistrate's decision on November 24, 2003. On December 10, 2003, an amended magistrate's decision was filed solely to correctly identify the parties in attendance at the adjudication hearings.
 {¶ 4} On December 5, 2003, acting pro se, appellant filed a notice of appeal from the court's November 24, 2003 judgment. On December 26, 2003, Brown filed objections to the magistrate's decision. FCCS filed a motion to dismiss Brown's objections on January 26, 2004.
 {¶ 5} Counsel was appointed for appellant for purposes of the appeal filed on December 5, 2003. On March 29, 2004, through counsel, appellant filed a motion with the trial court entitled "Motion of [Appellant] Lillian Jones to File Objections Out of Rule" ("Motion for Leave.") The court scheduled a hearing on the motion for leave the same day upon which the court was scheduled to hear arguments on the motion to dismiss and on Brown's objections. Appellant's counsel did not file any proposed objections with the motion for leave, but on April 28, 2004, not having been advised of a ruling on the motion for leave, appellant and Brown jointly filed objections to the magistrate's decision. ("Joint objections.")
 {¶ 6} On August 27, 2004, appellant, FCCS and the guardian ad litem jointly moved this court for a limited remand of this case for the purpose of permitting the trial court to rule on the objections before it. On September 10, 2004, this court granted the parties' motion in order "to enable the trial court to rule upon objections to the magistrate's decision."
 {¶ 7} The trial court heard arguments on the motion for leave, the motion to dismiss Brown's objections, and on both sets of objections on November 24, 2004. At the hearing, the guardian ad litem and the attorney for FCCS argued that Brown's objections and the joint objections had been untimely filed.[1] The court observed that appellant had not presented the motion for leave and a proposed entry directly to him. The court then stated:
We're going to resume oral arguments. I want to hear the substantive arguments. I'm going to withhold at this time my determination on the threshold procedural issue. I want to hear the substantive arguments of the representatives of the parties on these objections. I will take it under advisement and I'll issue a written decision on both — on either the threshold decision, if I go one way, or the threshold decision in the substantive matters if I go the other way.
Id. at 14.
Thereafter, the court specifically heard substantive arguments from the parties regarding the objections. Id. at 14-36.
 {¶ 8} On December 15, 2004, the trial court issued a decision and entry granting FCCS' motion to dismiss, and overruling Brown's objections and the joint objections. Relying on Juv. R. 40(E)(3)(a), the court stated a party may file written objections to the magistrate's decision within 14 days of its filing. The court found, inter alila, that both Brown's objections and the joint objections were filed after the 14-day time period prescribed by Juv. R. 40(E)(3)(a), and were filed without leave of court.[2] Further, the court noted that appellant's motion for leave was "never presented to the Judge, as Counsel for Mother admitted to the Court during the November 4, 2004 hearing." (December 15, 2004 Decision at 3.) The court concluded "based on [its] review of the file and relevant case law, * * * the Father's Objections filed on December 26, 2003 and the Mother and Father's Joint Objections filed April 28, 2004 were untimely."
 {¶ 9} On appeal, appellant asserts the following assignments of error:
Assignment of Error No. 1
The trial court's ruling that Appellant's Motion to File Objections Out of Rule was not presented to the trial court is against the manifest weight of the evidence.
Assignment of Error No. 2
The trial court erred in ruling that the Motion to File Objections Out of Rule should have been presented along with an entry to the judge ex parte for his signature prior to a hearing on the matter.
 {¶ 10} As a threshold issue, we must first address the procedural difficulties that arise out of appellant's assignments of error. In particular, appellant failed to assign as error the trial court's decision overruling the joint objections as untimely, or the trial court's grant of permanent custody to FCCS. Instead, appellant's assignments of error challenge the trial court's factual finding that she never presented her motion for leave to the trial judge, while disregarding the fact that the trial court actually ruled on the joint objections.
 {¶ 11} Under App.R. (16)(A)(3), appellant is required to provide a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected. Pursuant to App.R.12(A)(1)(b), this court is required to determine the appeal based on the assignments of error set forth in the briefs under App.R. 16. See In re Estate of Taris, Franklin App. No. 04AP-1264, 2005-Ohio-1516 at ¶ 5. A reviewing court is not required to "conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning." State ex rel. Karmasu v. Tate (1992),83 Ohio App.3d 199, 206, 614 N.E.2d 827. Nor can we attempt to construct assignments of error that may be discernable from the record.Featherstone v. The Ohio State Univ. College of Dentistry (Dec. 18, 2001), Franklin App. No. 01AP-693, 2001-Ohio-3943. See, also, App.R. 12(A)(2) (allowing a court to disregard error not properly identified);Flaim v. Medical College of Ohio, Franklin App. No. 04AP-1131, 2005-Ohio-1515 at ¶ 6; Hungler v. City of Cincinnati (1986),25 Ohio St.3d 338, 341, 25 OBR 392, 496 N.E.2d 912; Farley v. Farley
(Aug. 31, 2000), 10th Dist. No. 99AP-1103.
 {¶ 12} After our review of the arguments set forth in appellant's brief, we glean no substantive arguments challenging the court's ruling on the joint objections or the grant of permanent custody. In light of the foregoing case law, we will not review the merits of the trial court's decision overruling the joint objections, or the trial court's grant of permanent custody to FCCS, as these rulings have not been placed before us for review.
 {¶ 13} We now turn to appellant's assignments of error that she did place before us for review, which can be addressed together. Therein, she argues the trial court's finding that she did not present the court with her motion for leave is against the manifest weight of the evidence. Appellant further claims that the court erred by finding she should have presented the motion for leave and a proposed entry "ex parte" to the judge for his signature prior to the hearing. Appellant contends that this practice is not supported by the rules of juvenile procedure, the local rules or by statute. Appellant asks this court to remand the decision of the trial court for a hearing on the joint objections, and further review of her motion for leave to file objections.
 {¶ 14} Because we find appellant's assignments of error are moot, we do not reach the merits of these arguments.
 {¶ 15} Generally, courts will not resolve issues that are moot. Actions are moot "when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual, genuine, live controversy, the decision of which can definitely affect existing legal relations. * * *. `A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.'" GroveCity v. Clark, Franklin App. No. 01AP-1369, 2002-Ohio-4549, at ¶ 11 quoting Culver v. City of Warren (1948), 84 Ohio App. 373, 393, 52 Ohio Law Abs. 385, 83 N.E.2d 82.
 {¶ 16} "The doctrine of mootness is rooted both in the `case' or `controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. * * * While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." (Citations omitted.) James A.Keller, Inc. v. Flaherty (1991), 74 Ohio App.3d 788, 791,600 N.E.2d 736. A court is required to "`decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" BECDIR Construction Co. v. Proctor (2001), 144 Ohio App.3d 389,393, 760 N.E.2d 437 quoting State ex rel. Eliza Jennings, Inc. v.Noble (1990), 49 Ohio St. 3d 71, 74, 551 N.E.2d 128; Knutty v. Wallace
(1995), 100 Ohio App.3d 555, 558, 654 N.E.2d 420. Where a decision cannot be made effectual by a judgment, a court should not express an opinion upon that issue and the issue becomes moot.
 {¶ 17} A court may nonetheless hear an appeal that is otherwise moot when the issues raised are "capable of repetition, yet evading review."State ex rel. Plain Dealer Pub. Co. v. Barnes (1988), 38 Ohio St.3d 165,527 N.E.2d 807, paragraph one of the syllabus. The "capable of repetition, yet evading review" exception to the mootness doctrine "applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." State ex rel. Calvary v. UpperArlington (2000), 89 Ohio St.3d 229, 231, 2000-Ohio-142, 729 N.E.2d 1182. This exception to the mootness doctrine does not apply to the case at bar.
 {¶ 18} Additionally, "`although a case may be moot with respect to one of the litigants, the court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest.'" State ex rel. Whitev. Koch, 96 Ohio St. 3d 395, 2002-Ohio-4848 at ¶ 16, 775 N.E.2d 508, quoting Franchise Developers, Inc. v. Cincinnati (1987), 30 Ohio St.3d 28,505 N.E.2d 966, paragraph one of the syllabus. Ordinarily, however, such an action should be taken only by the highest court in the state, rather than an intermediate appellate court. Harshaw v. Farrell (1977),55 Ohio App.2d 246, 251, 380 N.E.2d 749. Therefore, because we are an intermediate appellate court presented, in this case, with no debatable constitutional question or no matter of great public or general interest, we decline to except this case from the doctrine of mootness.
 {¶ 19} In this case, appellant's assignments of error challenge an extraneous factual finding by the trial court regarding her motion for leave, while disregarding the fact that the trial court actually ruled on the joint objections. We reiterate that appellant has not assigned as error the court's grant of permanent custody to FCCS, and has not specifically challenged the court's judgment overruling the joint objections for untimeliness. Therefore, the court's decision regarding permanent custody remains intact, and any ruling on the assignments of error as stated will have no effect at all on the court's termination of appellant's parental rights, and have no bearing on the court's award of permanent custody.
 {¶ 20} Based on the foregoing, we dismiss this appeal.
Appeal dismissed.
Klatt and Christley, JJ., concur.
Christley, J., retired of the Eleventh Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] While FCCS' motion to dismiss solely addressed the father's objections, counsel for FCCS indicated to the court that he intended to raise the issue of the timeliness of the joint objections at the hearing. (Tr. at 13.)
[2] The court never specifically ruled on appellant's motion for leave. However, because the court ruled on the joint objections, we find the court implicitly granted the motion for leave.