## In re L.W.

[Cite as *In re L.W.,* 168 Ohio App.3d 613, 2006-Ohio-644.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–317.

Decided Feb. 14, 2006.

614

Ron O'Brien, Franklin County Prosecuting Attorney, and Katherine J. Press, Assistant Prosecuting Attorney, for appellee, state of Ohio.

Yeura R. Venters, Public Defender, and David L. Strait, Assistant Public Defender, for guardian ad litem.

Roy Nichols, for appellant, Alan W.

DESHLER, Judge.

{¶ 1} On February 27, 2004, Franklin County Children Services ("FCCS") filed a complaint [1] alleging that L.W.,[2] the minor daughter of appellant, Alan W.,[3] was a neglected and dependent child as defined by R.C. 2151.03(A)(2) and (6) [4] and 2151.04(C),[5] respectively. FCCS's claims stemmed from appellant's alleged failure to properly attend to L.W.'s extensive medical needs.[6] The public defender's office was appointed as L.W.'s guardian ad litem. Separate counsel was appointed to represent appellant. Shortly after being appointed, appellant's counsel withdrew from the case at appellant's request.

{¶ 2} Over several days, the trial court, through a magistrate, conducted a hearing to consider the neglect and dependency allegations, at which appellant appeared pro se. On June 17, 2004, the magistrate filed a decision finding by clear and convincing evidence that L.W. was a neglected and dependent child. The magistrate made L.W. a ward of the court and committed her to the temporary custody of FCCS. That same day, the trial court approved and adopted the magistrate's decision as its own.

{¶ 3} On June 25, 2004, appellant, pro se, filed objections to the magistrate's decision. On July 30, 2004, the magistrate supplemented the June 17, 2004 decision with findings of fact and conclusions of law. The trial court immediately approved and adopted the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein.

{¶ 4} On August 4, 2004, the trial court appointed new counsel to represent

---

1. A complaint containing neglect and dependency allegations was filed in February 2003. Due to the complexity of the medical and legal issues involved in the case, the complaint was dismissed and refiled several times prior to the February 2004 filing.

2. To protect anonymity, this opinion designates both the first and last name of the minor child and the last name of the parent by initials only.

3. L.W.'s mother signed a waiver of service and made no appearance in the case.

4. R.C. 2151.03 defines a "neglected child" as one "[w]ho lacks adequate parental care because of the faults or habits of the child's parents, guardian, or custodian," R.C. 2151.03(A)(2), or "[w]ho, because of the omission of the child's parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare." R.C. 2151.03(A)(6).

5. R.C. 2151.04(C) defines a "dependent child" as one "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship."

6. L.W., born September 6, 1989, suffered from cerebral palsy, seizure disorder, degenerative brain disorder, and Retts syndrome.

appellant. Sometime in August 2004, L.W. passed away.[7] On September 7, 2004, the magistrate held a hearing on various outstanding motions. By decision filed September 23, 2004, the magistrate terminated L.W.'s wardship, terminated FCCS's temporary custody, and closed the matter. The trial court, that same day, approved and adopted the magistrate's decision as its own.

{¶ 5} Subsequently, the trial court, on October 15, 2004, held a brief hearing on appellant's motion for a continuance of the objections hearing. Both the guardian ad litem and appellee state of Ohio opposed the continuance. Noting L.W.'s death and the recent appointment of counsel, the court granted the continuance to allow appellant's counsel time to prepare amended objections to the magistrate's July 30, 2004 decision. The court granted the state's oral motion to set a date certain of November 26, 2004 for the filing of amended objections.

{¶ 6} On November 26, 2004, appellant, through counsel, filed amended objections to the magistrate's decision,[8] alleging that the magistrate had erred in denying appellant's request for court-appointed counsel at the adjudicatory hearing; failing to afford appellant latitude for appearing pro se at the adjudicatory hearing; denying appellant opportunities to secure testimony and request discovery; refusing consideration of appellant's various dispositional motions; quashing certain subpoenas issued by appellant; prohibiting appellant from cross-examining his own witness; and finding L.W. to be a neglected and dependent child. Appellant alleged that proper legal representation and discovery rulings would have enabled him to refute or mitigate many of the unfavorable factual findings made by the magistrate. Appellant also asserted that the case had been tainted by ongoing "unlawful prejudicial behavior out of court," including the court's acceptance of "false information" regarding L.W.'s medical condition and the breach of healthcare confidentiality laws by L.W.'s healthcare providers.

{¶ 7} On December 13, 2004, the trial court held a nonevidentiary hearing on the amended objections. The guardian ad litem contended that appellant's objections were rendered moot by L.W.'s death. In response, appellant argued that by operation of Juv.R. 40(E)(4)(c) (which permitted the trial court to adopt the magistrate's decision and enter judgment without waiting for timely objections), a finding of mootness would deprive him of his due process right to have his objections heard.

---

7. ("Unfortunately, it has come to the Court's attention that [L.W.], the minor previously adjudicated to be a neglected and dependent child, sadly passed away in August of 2004.")

8. In his amended objections, appellant requested that the court limit its consideration to statements made in the magistrate's findings of fact and conclusions of law "filed on June 17, 2004." The findings of fact and conclusions of law to which appellant referred were actually filed on July 30, 2004.

{¶ 8} By decision and entry filed March 2, 2005, the trial court denied as moot appellant's amended objections in light of L.W.'s death. More particularly, the court found that even if it were to rule in appellant's favor, the court could not provide appellant any relief with respect to L.W.'s custody. In addition, the court also determined that appellant's amended objections were untimely, having been filed outside the 14–day period for filing objections.

{¶ 9} Appellant filed a timely notice of appeal from the trial court's March 2, 2005 judgment. Prior to the filing of appellant's brief, appellee guardian ad litem filed a motion to dismiss on grounds that L.W.'s death rendered the appeal moot. Appellant's memorandum contra argued that the motion to dismiss was premature, as he had yet to file his brief. Thereafter, appellant filed his merit brief, setting forth the following four assignments of error:

I. The court erred in finding the objections to the magistrate's decision moot.

II. The court erred in entering a conditional entry of neglect and dependency while objections to the magistrate's decision were pending.

III. The court erred in ruling that the amended objections to the magistrate's decision were not timely filed, as the court itself set the deadline for that filing.

IV. The court erred in accepting jurisdiction over a matter which had previously been dismissed and refiled four times.

{¶ 10} Both the state and guardian ad litem have opposed appellant's assignments of error. By journal entry filed August 16, 2005, this court resolved to consider the motion to dismiss along with the merits of the appeal. For the reasons that follow, we dismiss the appeal as moot.

{¶ 11} As a general matter, courts will not resolve issues that are moot. *In re Brown,* Franklin App. No. 03AP–1205, 2005-Ohio-2425, 2005 WL 1177943, at ¶ 15. Actions are moot "when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' " *Grove City v. Clark,* Franklin App. No. 01AP–1369, 2002-Ohio-4549, 2002 WL 2025334, at ¶ 11, quoting *Culver v. Warren* (1948), 84 Ohio App. 373, 393, 39 O.O. 506, 83 N.E.2d 82.

{¶ 12} There are exceptions to the mootness doctrine that permit a trial court to hear an otherwise moot case. *Robinson v. Indus. Comm.,* Franklin App. No. 04AP–1010, 2005-Ohio-2290, 2005 WL 1109747, at ¶ 7, citing *Nextel West*

*Corp. v. Franklin Cty. Bd. of Zoning Appeals,* Franklin App. No. 03AP–625, 2004-Ohio-2943, 2004 WL 1244339, at ¶ 14. A court may hear an otherwise moot case when the issues are capable of repetition, yet evade review, when a debatable constitutional question remains to be resolved, or when the issues involved concern a matter of great public or general interest. *Grove City,* 2002-Ohio-4549, at ¶ 13.

{¶ 13} However, there are limitations to the exceptions. The exception for a case that is capable of repetition yet evades review applies only in exceptional circumstances, when both (1) the challenged action is too short in duration to be fully litigated before its cessation or expiration and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Robinson,* 2005-Ohio-2290, at ¶ 8, citing *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182. " '[T]here must be more than a theoretical possibility that the action will arise again.' " Id., quoting *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 792, 600 N.E.2d 736. Similarly, the exception for a case that concerns a debatable constitutional question or a matter of great public or general interest should be used with caution and only on rare occasions. Id. at ¶ 10. "Ordinarily, however, such an action should be taken only by the highest court in the state, rather than an intermediate appellate court." *Brown,* 2005-Ohio-2425, at ¶ 18; *Robinson,* 2005-Ohio-2290.

{¶ 14} Appellant first contends, relying on R.C. 2311.21, that L.W.'s death did not render the matter moot. Appellant suggests that R.C. 2311.21 operates to except this matter from the doctrine of mootness. The guardian ad litem argues that, rather than excepting the matter from the mootness doctrine, R.C. 2311.21 operates to extinguish it as a matter of law.

{¶ 15} R.C. 2311.21 provides that "[u]nless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party." "In the realm of litigation, the term 'abatement' denotes the 'destruction of a cause of action.' " *Taylor v. Taylor* (July 15, 1992), Hamilton App. No. C–910126, 1992 WL 166076, quoting Black's Law Dictionary (4th Ed.Rev.1968) 16. The guardian ad litem analogizes the instant case to a divorce action in which one of the parties dies before the court has decided any of the issues. In such a case, abatement results as a matter of law from the death of a party to the action, even though R.C. 2311.21 does not explicitly so provide. *Gregg v. Gregg* (2001), 145 Ohio App.3d 218, 221, 762 N.E.2d 434. "The justification for this appears to be uniformly accepted, at least

by Ohio courts, as a matter of reason and common sense: the action abates because, with the death of one of the parties, circumstance has effectively accomplished the primary object of the lawsuit, i.e., the dissolution of the marital relationship." *Taylor*, Hamilton App. No. C–910126, citing *Caprita v. Caprita* (1945), 145 Ohio St. 5, 9, 30 O.O. 238, 60 N.E.2d 483. Similarly, argues the guardian ad litem, L.W.'s death accomplished the primary objective of the instant lawsuit—the determination of her custody.

{¶ 16} Pursuant to R.C. 2311.21, at the death of either party, an action is merely suspended, assuming both that the cause of action survives and that the action is not one of those enumerated in the statute. If the cause of action survives and is not extinguished by the death of a party to the action, a proper party may be substituted in the place of the deceased party, and the action may then proceed. Assuming, without deciding, that L.W. was a "party" to the instant action for purposes of R.C. 2311.21, L.W.'s death clearly extinguished the instant action. The state's primary focus in a dependency action is on the child's condition and environment. *In re Darst* (1963), 117 Ohio App. 374, 24 O.O.2d 144, 192 N.E.2d 287. In a neglect action, the state's primary objective is to determine whether a child is receiving proper parental care. *In re Reese* (1982), 4 Ohio App.3d 59, 62, 4 OBR 109, 446 N.E.2d 482. Here, "as a matter of reason and common sense," the action abated with L.W.'s death, as circumstance has effectively accomplished the primary objectives of the lawsuit. Further, even if the cause of action survived, this is not a case in which the action could proceed with a substituted "party." The subject of the action was L.W.; sadly, that subject no longer exists. Accordingly, we cannot find that R.C. 2311.21 operates to except this matter from the doctrine of mootness.

{¶ 17} Appellant also argues that the dispute at issue may be heard because the issues are capable of repetition, yet evade review. Appellant concedes that the issue of physical custody is moot; however, he asserts that a finding of mootness without consideration of his objections leaves him without remedy to correct the record. Appellant posits two potential adverse consequences arising from these circumstances: (1) if his surviving child becomes the subject of juvenile court proceedings in the future, L.W.'s adjudication could be used as evidence against him, and (2) potential remedies to which he may be entitled in civil actions against entities and persons involved with L.W.'s medical care could be impaired by L.W.'s adjudication.

{¶ 18} Appellant's concerns are insufficient to fall within the "capable of repetition yet evading review" exception to the mootness doctrine. Both of the scenarios appellant describes are entirely speculative. There is no indication that appellant will ever be subject to a neglect or dependency action with regard to his

surviving child or that any civil remedies to which he may be entitled will be impaired by the adjudication in the instant action.

{¶ 19} Appellant also claims that his case may be heard because debatable constitutional questions raised in his objections remain unresolved. Appellant does not specify which of his objections raise constitutional questions. Our review reveals only one potential constitutional issue—that appellant was denied the right to appointed counsel at the adjudicatory hearing. As noted previously, action on an unresolved constitutional question is ordinarily taken only by the highest court of the state rather than an intermediate appellate court, whose decision does not have binding effect over the entire state. *Brown*, 2005-Ohio-2425. Further, the issue of the magistrate's alleged denial of appointed counsel was thoroughly addressed, and, for all intents and purposes, resolved by the trial court at the December 13, 2004 hearing on the objections. The court noted that either prior to or just after commencement of the adjudicatory hearing, it had informed appellant, in open court, that he had a right to appointed counsel at the adjudicatory hearing and that the court would appoint counsel to represent him despite any contrary advisement by the magistrate. The court further noted that appellant had declined the offer of appointed counsel, indicating instead that he wished to proceed pro se. Thus, there being no unresolved constitutional question, we decline to except this case from the doctrine of mootness.

{¶ 20} Our determination that the appeal is moot is bolstered by the decisions of other Ohio appellate courts. In *In re Maria M.*, Wood App. No. WD–03–092, 2004-Ohio-3798, 2004 WL 1595006, a juvenile who was adjudicated as dependent appealed a trial court judgment that continued her temporary custody with a foster family. The juvenile reached the age of 18 during the pendency of the appeal. The court dismissed the appeal as moot upon determining that the juvenile court had lost jurisdiction over the case when the juvenile reached the age of majority and that none of the limited exceptions to the mootness doctrine applied.

{¶ 21} In *In re Gerken* (Nov. 9, 1990), Wood App. No. WD–90–9, 1990 WL 174324, temporary custody of a child was awarded to a children services agency following an emergency-shelter hearing on an abuse complaint. Following an adjudicatory hearing, a trial court entered judgment finding that the child was an abused child and had been sexually abused by her stepfather. At the subsequent dispositional hearing, the trial court ordered that temporary custody remain with the children services agency. Following the stepfather's appeal, the child turned 18. The court determined that the juvenile court no longer had jurisdiction over the child, as she had reached the age of 18. Accordingly, the court found any issues regarding the juvenile court's alleged errors in the dispositional phase of the proceedings to be moot.

{¶ 22} Finally, in *In re Miller* (July 9, 1998), Ashland App. No. 97–COA–01223, 1998 WL 429830, a 16–year–old boy was adjudicated as a dependent child. The boy was placed in the temporary custody of a children services agency, which later placed him with his father. When the boy reached the age of 18, temporary custody was terminated. Sometime after his 18th birthday, the boy died. The boy's mother filed an appeal challenging the trial court's rulings on temporary custody, emergency protective orders, and the placing of the boy with his father. The court held that the issues were moot in light of the boy's emancipation and subsequent death.

{¶ 23} As in the foregoing cases, L.W.'s death rendered the issues raised in appellant's objections moot. Accordingly, appellee guardian ad litem's motion to dismiss the appeal is hereby granted. The appeal is dismissed.

Appeal dismissed.

KLATT, P.J., and FRENCH, J., concur.

DESHLER, J., retired, of the Tenth Appellate District, sitting by assignment.