[Cite as *Lund v. Portsmouth Local Air Agency*, 2014-Ohio-2741.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Barbara A. Lund, | : | |
| Appellant-Appellee, | : | |
| | | No. 14AP-60 |
| v. | : | (ERAC No. 13-016720) |
| Portsmouth Local Air Agency et al., | : | (REGULAR CALENDAR) |
| Appellees-Appellants. | : | |

D E C I S I O N

Rendered on June 24, 2014

*Barbara A. Lund*, pro se.

*Michael DeWine*, Attorney General, *Elizabeth R. Ewing*, *Wednesday M. Szollosi*; *Nicole Candelora-Norman*, and *Daniel J. Martin*, for appellants.

APPEAL from the Environmental Review Appeals Commission.

BROWN, J.

{¶ 1} Ohio Department of Natural Resources ("ODNR") and Portsmouth Local Air Agency ("PLAA"), appellants, appeal from the judgment of the Environmental Review Appeals Commission ("ERAC"). In its decision, ERAC denied ODNR's request for permission to conduct open burning.

{¶ 2} ODNR maintains and preserves the Chaparral Prairie State Nature Preserve ("the preserve"), which is located in Adams County, Ohio. On December 12, 2012, ODNR filed a request for permission to conduct open burning with regard to the preserve with the Ohio Environmental Protection Agency ("Ohio EPA"). ODNR indicated in the request

that it sought to maintain and promote the native prairie and cedar barrens ecosystem at the preserve and placed a checkmark on the request form that the purpose of the burn was for "horticultural, silvicultural, range management or wildlife management." As the Ohio EPA's representative, PLAA granted the application on January 18, 2013.

{¶ 3} Barbara A. Lund, appellee, appealed the permission to ERAC claiming the burn was not to be conducted for horticultural, silvicultural, range or wildlife management purposes. On March 27, 2013, appellants filed a motion to dismiss for lack of standing or, in the alternative, motion for summary judgment. ERAC denied the motion to dismiss for lack of standing but granted in part and denied in part the motion for summary judgment.

{¶ 4} Appellee filed a motion to stay with ERAC but ERAC denied the motion on April 3, 2013. ODNR burned the prairie on April 16, 2013.

{¶ 5} On June 11, 2013, ERAC held a hearing on the remaining issues. On December 19, 2013, ERAC issued a decision, in which it found in favor of appellants on several issues but concluded that PLAA erred when it issued the permission. Appellants appeal ERAC's decision, asserting the following assignments of error:

> 1. The Environmental Review Appeals Commission erred in reaching the merits of the underlying appeal because Ms. Lund failed to meet her burden to demonstrate that she had standing.
>
> 2. The Environmental Review Appeals Commission erred when it determined that the Portsmouth Local Air Agency did not lawfully and reasonably issue the open burning permission under Ohio Adm.Code 3745-19-04(C)(5) to the Ohio Department of Natural Resources ("ODNR").

{¶ 6} Before addressing appellants' assignments of error, we must address an issue that neither party raised. As indicated above, ODNR burned the prairie on April 16, 2013 pursuant to PLAA's granting of permission. Based upon this circumstance, we find this case lacks a justiciable controversy and, thus, is moot. Generally, courts will not resolve issues that are moot. *See, e.g., In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.), citing *In re Brown*, 10th Dist. No. 03AP-1205, 2005-Ohio-2425, ¶ 15. When a case is deemed moot, the defending party is entitled to a dismissal as a matter of

right. *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). Actions are moot " 'when they are or have become fictitious, colorable, hypothetical, academic or dead.' " *In re L.W.* at ¶ 11, quoting *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy. *Id.* " 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' " *Id.*, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (7th Dist.1948). Therefore, when a case is moot, it must be dismissed because it no longer presents a justiciable controversy. *Id.* at ¶ 11

{¶ 7} It is well-established that appellate courts do not issue advisory opinions when a case or controversy no longer exists. *McClead v. McClead*, 4th Dist. No. 06CA67, 2007-Ohio-4624, ¶ 12. The courts are "to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies. The extension of this principle includes * * * questions which are moot." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970).

{¶ 8} However, there is an exception to the mootness doctrine: issues that are capable of repetition, yet evading review. "This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000). "[T]here must be more than a theoretical possibility that the action will arise again." *Robinson v. Indus. Comm.*, 10th Dist. No. 04AP-1010, 2005-Ohio-2290, ¶ 8, quoting *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 792 (10th Dist.1991).

{¶ 9} In the present case, the issues are moot and are not necessarily capable of repetition yet evading review. Appellants seek determinations from this court that appellee had no standing to contest PLAA's permission and that PLAA acted reasonably and lawfully in granting the permission application. However, because ODNR already burned the prairie on April 16, 2013, and the burn permission expired on May 4, 2013, the

granting of the relief that appellants seek would have no practical effect. Although appellants contended at oral argument before this court that the issues are capable of repetition yet evading review, we disagree. Appellants argued that the present holding would be applicable to other similar cases across the state and that the Ohio EPA has an interest in ensuring that the proper interpretation of the code is met in future cases. However, these reasons do not meet the requirements for the exception to issues capable of repetition yet evading review. There is nothing to suggest that these types of actions are necessarily and by their nature too short in duration to be fully litigated before their cessation. Although appellants suggested in their pleadings before ERAC that there existed some hypothetical harms that could result from a stay, such risks could have been avoided or minimized here and in future cases by applying for an open-burn permission sufficiently in advance to allow for any potential appeals to be resolved. We see no reason why an open-burn application should be entitled to any different treatment than other typical cases that are subject to appeal. In situations such as these, stays in execution are a suitable remedy, if necessary and desired. It is interesting to note that, in the present case, appellants twice filed memoranda in opposition to appellee's motions to stay before ERAC yet they now argue that review on the issue is evasive. If appellants desired a definitive answer to the issues presented for not only the present case but also future cases, appellants could have agreed to a stay and allowed the appeal process to conclude before burning the prairie. However, execution of the open burn rendered the present PLAA decision incapable of full review prior to the open burn.

{¶ 10} Furthermore, there is no evidence that there is any reasonable expectation that ODNR will be subject to the same action again. Future burn permissions will likely involve different facts and different reasons for seeking the open-burn request. Appellants admitted at oral argument that each case is fact specific. Although it is possible that a party will, in the future, seek an appeal of a different Ohio EPA order granting a request to open burn the same portions of the same preserve under the same purpose identified in Ohio Adm.Code 3745-19-04(C), such a possibility is completely theoretical and remote at this juncture. Furthermore, although it is understandable that ODNR may desire to receive opinions from ERAC regarding the interpretation of the law for future cases in order to provide certainty for its future open-burn applications, what ODNR seeks is an

advisory opinion. For these reasons, we find the issues presented in the present appeal are moot, and the issues are not capable of repetition yet evading review. Therefore, we need not address appellants' assignments of error.

{¶ 11} Accordingly, appellants' two assignments of error are rendered moot, and the order of the Environmental Review Appeals Commission is affirmed.

*Order affirmed*.

TYACK and CONNOR, JJ., concur.

_____