[Cite as *In re M.B.*, 2021-Ohio-2716.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


IN RE: : 

M.B. :    CASE NO. CA2020-12-070

:       O P I N I O N
           8/9/2021

:

:

:


APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2017JI23664


Stagnaro Hannigan Koop, Co., L.P.A., and Chad G. Koop, for appellant.

DeBra Law, LLC, and Ryan L. DeBra, for appellee.


**BYRNE, J.**

{¶ 1} Father appeals from an order of the Clermont County Court of Common Pleas, Juvenile Division, which granted Mother's motion to prohibit Father from using his extended parenting time to take M.B., their daughter, on an out-of-state family vacation in December 2020. Because the planned vacation has already occurred and because we find that the "capable of repetition" exception to the mootness doctrine does not apply, we hold that this appeal is moot, and we therefore dismiss the appeal.

## I. Factual and Procedural Background

{¶ 2} Father and Mother are the biological parents of M.B., a minor. In October 2018, Father and Mother submitted a shared parenting plan ("SPP") to the juvenile court. The juvenile court subsequently adopted the SPP as its own order. The SPP provided that each parent was entitled to three weeks of extended parenting time each year, which could be exercised during the child's spring break from school or Christmas school break, or "at any other appropriate time."

{¶ 3} In November 2020, Mother moved the juvenile court "for temporary and permanent restraining order/injunction preventing Father from exercising out of state extended parenting time in December 2020 due to COVID-19 pandemic." In it, Mother alleged that Father had informed her that he was planning on traveling with M.B. from December 12 through 19, 2020, to Orlando, Florida, and that she had informed him she disagreed with this planned trip. Mother cited her concerns with the ongoing COVID-19 pandemic, the risks associated with travelling during a pandemic, and that M.B. had a rare autoimmune disease requiring the use of immuno-suppressant drugs, potentially leaving her at a heightened risk of illness were she to become infected by the virus. Mother also indicated that Father, despite his awareness of her disagreement with the trip, had not initiated mediation as required under the SPP, and instead had proceeded with his plans to take M.B. on the trip notwithstanding the disagreement. Mother sought an order "enjoining Father from traveling out of State," alleging that irreparable harm would occur.

{¶ 4} On the same day, Father moved to modify the SPP and for co-parenting counseling. Father indicated that he was seeking more parenting time with M.B., noted that the parties were having disputes over extended parenting time, and indicated that a modification or clarification of the SPP's shared parenting time provision would be in M.B.'s

best interest.[1]

{¶ 5}   On December 7, 2020, Father filed a memorandum opposing Mother's motion for a restraining order/injunction.  On the same day, the juvenile court held a hearing (via Zoom video conferencing) on Mother's motion.  Mother and Father testified and submitted exhibits.  The court issued its decision that day.  Based on the evidence submitted at the hearing, the court found that Father, in February 2020, notified Mother via email that he planned to exercise extended parenting time with M.B. the week of December 12 through 19, 2020.  Father had advised Mother that he and his family (immediate family as well as members of his wife's extended family), had planned a trip to Disney World.

{¶ 6}   The juvenile court further found that Mother had consistently refused Father's request to take M.B. on this trip.  Initially, Mother's refusal was based upon the language of the SPP's extended parenting time provision and her concern that the dates of the vacation would cause M.B. to miss school.  Later, Mother added COVID-19 concerns to the reasons for her refusal.

{¶ 7}   The juvenile court then cited the relevant portion of the SPP that addressed extended parenting time.  The court found that, despite the inclusion of the phrase, "at any other appropriate time," the "clear intent of this language * * * is for extended parenting time to be exercised so as not to interfere with the minor child's school schedule.  In the instant case, the minor child would certainly miss school during the period of December 12-19, 2020."  While the juvenile court noted that Father had contacted M.B.'s school to seek permission to take M.B. out of school for the trip, the juvenile court did not mention Father's testimony that the school gave its permission.

{¶ 8}   The juvenile court additionally noted that Father was responsible for

---

1. Father's motion did not refer to the dispute over the upcoming Florida trip.

"initiating" mediation in the instance of a dispute and had not done so. Finally, the court observed that there was, at that time, a surge in cases in the COVID-19 pandemic and that M.B.'s autoimmune disorder placed her at higher risk than other persons in her age group. The court noted that the trip itinerary would cause M.B. to share a van with six members of Father's household and that an additional seven members of M.B.'s stepmother's extended family would join the group in Florida.

{¶ 9} Accordingly, the juvenile court ordered that Father was "enjoined and prohibited from exercising extended parenting time with the minor child during the period of December 12 through 19, 2020." On December 10, 2020, Father filed his notice of appeal of the December 7 order.[2]

## II. Law and Analysis

{¶ 10} Father appeals, raising the following two assignments of error.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED AS A MATTER OF LAW BY ISSUING AN ORDER ENJOINING APPELLANT'S EXTENDED PARENTING TIME WITHOUT REFERENCE TO ANY APPLICABLE LEGAL STANDARD.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED IN ITS INTERPRETATION OF THE PLAN BY DEVIATING FROM ITS CLEAR AND UNAMBIGUOUS LANGUAGE.

{¶ 15} In his first assignment of error, Father argues that the juvenile court applied "no discernable standard" in analyzing Mother's request for an injunction, and furthermore, never indicated that its decision was based on M.B.'s best interest. In his second

---

2. After filing his notice of appeal, Father also filed, in the juvenile court, an ex parte motion to stay execution of the December 7 order, pending his appeal. The juvenile court denied this order, observing that if the court were to grant the stay (thereby allowing Father to take M.B. on the trip) it would result in a permanent reversal of the court's December 7 order.

- 4 -

assignment of error, Father argues that the juvenile court erred in its interpretation of the SPP's extended parenting time provision.

**A. Final Appealable Order**

{¶ 16} Before addressing the merits of his first assignment of error, Father presents two preliminary issues. First, he argues that the juvenile court's December 7 order was a final appealable order. Second, Father argues that this appeal is not moot despite the Florida trip having long passed.

{¶ 17} Initially, we observe that Father characterizes the December 7 order as a "preliminary injunction." However, there is nothing that appears "preliminary" about the December 7 order. Mother filed her motion, the parties appeared for an evidentiary hearing, and the court issued an order prohibiting Father from exercising extended parenting time under the SPP between December 12 and 19, 2020.

{¶ 18} The order did not indicate that the juvenile court was reserving any other issue to decide later and there was nothing further for the court to decide as it related to Mother's motion. The order also did not foreclose Father from using extended parenting time in the future. Thus, the order was not a preliminary ruling. And it may not have been an injunction at all. Despite the phrasing of Mother's motion, her motion could be simply construed as a motion to enforce the SPP. Construed in this way, the December 7 order was an order enforcing the SPP.

{¶ 19} We agree with Father that the December 7 order was a final appealable order. A final order includes one "that affects a substantial right made in a special proceeding" R.C. 2505.02(B)(2). A "substantial right" means "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Parental rights are substantial rights, as parents have a fundamental right to make decisions concerning the care, custody, and control of

their children. *Troxel v. Granville,* 530 U.S. 57, 66, 120 S.Ct. 2054 (2000). Proceedings in juvenile court concerning parental rights are special proceedings because such actions were not known at common law. *See In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 43.

{¶ 20} The juvenile court's order preventing Father from exercising extended parenting time under the SPP denied Father his parenting time rights, and thus affected a substantial right. The order was issued in the context of a dispute over shared parenting in juvenile court, and thus qualifies as a special proceeding. Accordingly, we find that the order was final and appealable. R.C. 2505.02(B)(2). We therefore have jurisdiction to consider this appeal. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02.

## B. Mootness

{¶ 21} Next, Father argues that this appeal is not moot even though "the disputed family trip occurred on December 12, 2020 without [M.B.] and cannot occur again[,]" because there is a reasonable expectation that he will be subject to the same action by Mother in the future.

{¶ 22} "As a general matter, courts will not resolve issues that are moot." *In re L.W.*, 10th Dist. Franklin No. 05AP-317, 2006-Ohio-644, ¶ 11, citing *In re Brown*, 10th Dist. Franklin Nos. 03AP-1205 and 03AP-1206, 2005-Ohio-2425, ¶ 15.

> Actions are moot "when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.'"

*Id.,* quoting *Grove City v. Clark*, 10th Dist. Franklin No. 01AP-1369, 2002-Ohio-4549, ¶ 11, in turn quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (7th Dist.1948).

{¶ 23} There are exceptions to the mootness doctrine that allow a court to hear an otherwise moot case. *Robinson v. Indus. Comm.*, 10th Dist. Franklin No. 04AP-1010, 2005-Ohio-2290, ¶ 7, citing *Nextel West Corp. v. Franklin Cty. Bd. of Zoning Appeals*, 10th Dist. Franklin No. 03AP-625, 2004-Ohio-2943, ¶ 14. Father identifies one of these exceptions: a court may hear an otherwise moot case when the issues are capable of repetition yet evade review. *Grove City* at ¶ 13.

{¶ 24} The "capable of repetition, yet evading review" exception applies only in exceptional circumstances in which (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 64 (2001); *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000). Further, "there must be more than a theoretical possibility that the action will arise again." J*ames A. Keller Inc. v. Flaherty*, 74 Ohio App.3d 788, 792 (10th Dist.1991).

{¶ 25} As to the exception's first factor, there is no dispute that the challenged action, the week-long Disney World trip, was too short in duration to be fully litigated before the trip concluded, especially when Mother waited until the month before the trip to file her motion. Thus, the only issue is whether there is a reasonable expectation, that is more than a theoretical possibility, that Father will be subject to the same action by Mother in the future. *Dispatch Printing* at 64.

{¶ 26} Father claims he will be subject to such action in the future because Mother now has a "proven-effective litigation technique to prevent Father from exercising the extended parenting time to which he is entitled under the [SPP]." Father contends that

moving forward, there will be a similar cycle of him providing Mother with notice that he intends to use extended parenting time, that she will object, that he will nonetheless plan the trip, and that she will file a last-minute motion for an injunction, which he will be unable to appeal in time to take M.B. on vacation.

{¶ 27} We disagree that it can be reasonably assumed that this scenario will occur again in the future. Father was aware that Mother objected to the Florida trip as early as February 2020. In the future, it would be reasonable to assume that Father would seek court intervention sooner if Mother objected to a scheduled family vacation. Nor can we be certain that Mother will continue to object to vacations that Father may plan during the school year; the record is silent as to whether Mother's views would be different if, for example, the vacation were planned earlier in a semester or if the trip was to visit educational and historical destinations, rather than Disney World. Additionally, the COVID-19 pandemic and the risk it potentially posed to M.B.'s health and best interests factored strongly in the juvenile court's decision; it cannot reasonably be assumed that such arguments will be raised again given the once-in-a-century nature of the pandemic.

{¶ 28} A case is moot when there is no "live controversy." *In re L.W.*, 2006-Ohio-644 at ¶ 11. There is no "live controversy" with regard to the December 12-19, 2020, Disney World trip, which was the only issue decided by the juvenile court and appealed by Father. Father's brief admits as much. For example, Father states that he has "no meaningful remedy of the injury caused by the injunction" because:

> December 12-19, 2020 has passed. The trip followed ten months of planning and preparation, ten months of building anticipation for a family experience. The trip provided a rare opportunity for Father to bond with his daughter and to strengthen the relationship between [M.B.] and her stepsiblings and extended paternal family. At the most sentimental level, Father can never again have a family trip to Disney World with his six-year-old daughter; everyone involved in the trip has aged

and changed. No court can remedy the loss Father suffered because of the preliminary injunction—the enjoined family vacation was a unique experience.

We appreciate Father's argument about his emotional loss arising from M.B.'s absence during his family's vacation. But the vacation has come and gone. As Father himself stated, there is nothing any court can do to remedy this situation.

{¶ 29} In other words, the only relevant live controversy is, apparently, an ongoing dispute between Father and Mother over exercising extended parenting time under the SPP. However, the appropriate way to resolve that dispute is through steps Father has already undertaken, i.e., by moving the court to modify and/or clarify the SPP. The proceedings on that motion are not part of our record on appeal.

{¶ 30} Given the circumstances, Father's appeal amounts to a request for declaratory judgment or advisory opinion regarding how the juvenile court should handle future disputes between Father and Mother regarding extended parenting time under the SPP. But such a decision would have no "practical legal effect upon a then-existing controversy." *In re L.W.* at ¶ 11.

{¶ 31} For the foregoing reasons, we must dismiss this appeal as moot.

## III. Closing

{¶ 32} Having determined that this appeal is moot, we need not further consider Father's assignments of error. App.R. 12(A)(1)(c).

{¶ 33} Appeal dismissed.

M. POWELL, P.J., and HENDRICKSON, J., concur.