OPINION
{¶ 1} Christopher Barker is appealing the judgment of the Montgomery County Common Pleas Court, which ordered that he be forced to take certain antipsychotic medication.
 {¶ 2} On September 24, 2003, Barker was charged with two counts of rape by force in violation of R.C. 2907.02(A)(2) and one count of assault in violation of R.C. 2903.13(A). Barker subsequently pled guilty by reason of insanity. Upon receiving the results of the competency exam, the trial court found Barker incompetent to stand trial and ordered him committed to Twin Valley Behavioral Healthcare (hereinafter "Twin Valley") on December 1, 2003.
 {¶ 3} On December 16, 2003, Twin Valley petitioned the trial court for court-ordered medication in order to render Barker competent to stand trial. A hearing was held on December 30, 2003 in which Barker agreed to voluntarily submit to the medication. Yet, Barker later refused to take the medication.
 {¶ 4} On January 15, 2004, Twin Valley filed a second request for the trial court to order Barker to take his medication. The record is unclear as to whether the trial court scheduled a hearing within the time limits and this was continued to February 11, 2004 due to Barker's counsel's availability, or if the hearing was scheduled for February 11th and continued due to the unavailability of Barker's treating psychiatrist, Dr. Marcella Toca. Twin Valley renewed its request on March 5, 2004 and a hearing was held. At the hearing, Dr. Toca testified about the proposed medications, their side effects and the ability to restore Barker to competency to stand trial.
 {¶ 5} On March 8, 2004, the trial court approved Twin Valley's application for court ordered medication. However, the court stayed its order pending review by our Court.
 {¶ 6} Barker raises the following four assignments of error.
 {¶ 7} "[1.] The court erred when it failed to give [barker] even minimal procedural due process.
 {¶ 8} "[2.] R.C. 2945.38(B)(1)(c) is unconstitutional on its face or as applied.
 {¶ 9} "[3.] The court erred when it held [the] hearing after time had expired per R.C. 2945.38 (B)(1)(c).
 {¶ 10} "[4.] The court erred in applying the standards as enunciated in U.S.V. SELL."
 Appellant's first assignment of error: {¶ 11} Barker argues that the trial court failed to give him certain procedural due process rights, specifically the appointment of an independent psychiatrist or psychologist and adequate notice of all hearings. We disagree.
 {¶ 12} In Steele v. Hamilton Cty. Community Health Bd.,90 Ohio St.3d 176, 2000-Ohio-47, the Ohio Supreme Court stated that the trial court must appoint an independent psychiatrist or psychologist to evaluate the incompetent patient and give a report of his findings. However, Steele involved R.C. 5122.11 and situations in which a hospital wants to force medication on a patient because the patient lacked the ability to consent and is a danger to himself or others.
 {¶ 13} However, the statute in this case, R.C. 2945.38(B)(1)(c), addresses the situation in which a defendant is found incompetent to stand trial, stating:
 {¶ 14} "If the defendant is found incompetent to stand trial, if the chief clinical officer of the hospital or facility, the managing officer of the institution, the director of the program, or the person to which the defendant is committed for treatment or continuing evaluation and treatment under division (B)(1)(b) of this section determines that medication is necessary to restore the defendant's competency to stand trial, and if the defendant lacks the capacity to give informed consent or refuses medication, the chief clinical officer, managing officer, director, or person to which the defendant is committed for treatment or continuing evaluation and treatment may petition the court for authorization for the involuntary administration of medication. * * *"
 {¶ 15} Thus, the court may, pursuant to R.C. 2945.38, authorize a hospital to involuntarily administer antipsychotic drugs to make a mentally ill defendant competent to stand trial on serious criminal charges if the court makes the following findings: (1) that an important governmental interest is at stake; (2) that involuntary medication will significantly further those governmental interests; (3) that involuntary medication is necessary to further those interests and that alternative treatments are unlikely to achieve substantially the same results; and (4) that the administration of drugs is medically appropriate. Sell v.U.S. (2003), 539 U.S. 166, 180-181.
 {¶ 16} In this case, Barker was found incompetent to stand trial and plead not guilty by reason of insanity. Twin Valley petitioned the court pursuant to R.C. 2945.38 for the court to order forced medication to restore Barker to competency to stand trial. The trial court held a hearing and applied the standards enunciated in Sell. The deficiencies that Barker claims in his due process rights are his failure to have an independent psychiatrist appointed and his failure to receive notice of all hearings. However, the right to an independent psychiatrist stems from Steele, which as we said involved court ordered medication for a civilly committed individual who lacked the ability to consent and did not address R.C. 2945.38. Under R.C. 2945.38 and Sell, Barker was not entitled to have an independent psychiatrist appointed. Thus, we cannot say that Barker was denied due process by the trial court's failure to appoint one.
 {¶ 17} As to Barker's claims of lack of notice, at the March 5, 2004 hearing on Twin Valley's application, Barker raised this issue. At the hearing, Barker claimed that the time for holding a hearing on the petition had elapsed. The trial court pointed out that Barker's counsel had been involved in negotiating a time for the hearing and never raised the issue of the hearing possibly being out of time. Regardless, the trial court had Twin Valley renew its petition for forced medication at the hearing. Barker then complained that he lacked notice. This is the same argument he is raising in this assignment of error. When Barker raised this notice issue at the hearing, the trial court found that nothing had changed since Twin Valley's earlier petition of which Barker most certainly had notice. Therefore, the trial court proceeded with the hearing. Likewise, we agree that Barker received notice of the hearing. The renewal of the petition did not change the fact that Barker had received notice of the original petition and that the parties were scheduled to have a hearing on the petition that day. Moreover, as we will address in Barker's third assignment of error, the court was permitted to hold the out of time hearing on the January petition and Barker received notice of this petition and the March hearing. Thus, we cannot say that Barker was denied due process when he did in fact have notice of the hearing. Barker's assignment of error alleging he did not receive due process is without merit and is overruled.
 Appellant's second assignment of error: {¶ 18} Barker argues that R.C. 2945.38(B)(1)(c) is unconstitutional because it does not provide the same procedural safeguards that are in civil commitment procedures or require that the State prove an important governmental interest is at stake. We disagree.
 {¶ 19} The U.S. Supreme Court in Jackson v. Indiana (1972), 406 US 715,724, found that a violation of the equal protection clause of the U.S. Constitution occurs where a person who is found incompetent to stand trial is subjected to less stringent procedural and substantive commitment standards than a person who is committed through civil procedure.
 {¶ 20} Barker argues based on Jackson that the requirements listed inSteele should be codified in R.C. 2945.38 and the failure to do so renders the statute unconstitutional. However, as we said above Jackson
applied to the procedures involved in committing an individual to an institution. Barker does not assert that there was any impropriety in the procedures that committed him to Twin Valley. Therefore, we do not agree that Jackson applies to this case to require the Steele requirements be codified in R.C. 2945.38. As we said in the previous assignment of error, Steele applies to an individual who has been civilly committed that either poses an imminent threat of harm to himself or others or lacks the capacity to give or withhold informed consent about treatment. The procedure in which a court forces medication on a criminal defendant, who has been determined to be incompetent, in order to restore that defendant to competence to stand trial is enunciated in Sell and R.C. 2945.38.
 {¶ 21} The State argues that the procedures for forcibly medicating a civilly committed individual and a criminal defendant committed due to his being charged with a crime must be different. We agree. The State and the courts should be hesitant to forcibly medicate any individual and thereby override his fundamental right of freedom of choice regarding his own healthcare. Steele, supra at 180. However, if an individual has been charged with a crime but has been determined to be incompetent to stand trial, this individual needs to be restored to competence in order to defend himself against the charges raised against him. A civilly committed individual would not have a similar sufficient need to be restored to competency justifying overriding his free choice unless he posed a danger to himself or others or lacked the ability to make an informed decision regarding consent. Therefore, we do not agree that it is unconstitutional for the procedures for court ordered medication for committed criminal defendants and those civilly committed to differ.
 {¶ 22} As Jackson does not apply to this case, we cannot say that R.C. 2945.38 is unconstitutional for not codifying the requirements listed in Steele. Barker's second assignment of error is without merit and is overruled.
 Appellant's third assignment of error: {¶ 23} Barker argues that the trial court committed reversible error when it held a hearing after the time period allotted in R.C. 2945.38(B)(1)(c). We disagree.
 {¶ 24} R.C. 2945.38(B)(1)(c) states:
 {¶ 25} "* * * The court shall hold a hearing on the petition * * * within ten days of the filing of the petition if the petition was filed in a court of common pleas regarding an incompetent defendant charged with a felony offense. Following the hearing, the court may authorize the involuntary administration of medication or may dismiss the petition."
 {¶ 26} The Ohio Supreme Court has stated that although generally a statute that contains the term "shall" will be construed as mandatory, a statutory time provision may be construed as directory. In re Davis,84 Ohio St.3d 520, 522, 1999-Ohio-419. "As a general rule, a statute which provides a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." State ex rel Jones v. Farrar (1946), 146 Ohio St. 467,472. Absent an expression of intent in the statute to restrict the jurisdiction of the court when it is untimely, the failure to adhere to a time guideline in the statute does not divest the court of jurisdiction.Davis, supra at 522-523. In State v. Ferguson, (June 30, 1999), Medina App. No. 2830-M, the Ninth District Court of Appeals in addressing an earlier version of the statute concluded that the time guidelines in R.C. 2945.38 were directory, not mandatory.
 {¶ 27} Having reviewed R.C. 2945.38(B), we agree with the Ferguson
court and find that the time period set for holding a hearing on forced medication is directory rather than mandatory. The statute does not demonstrate any intent on the part of the legislature to divest the court of jurisdiction if it fails to hold a timely hearing on the petition to medicate the defendant. As such, we cannot say that the time provision was mandatory and divested the trial court of jurisdiction. Therefore, the trial court did not commit reversible error in holding the hearing on Twin Valley's petition more than ten days after the filing of the petition. Barker's third assignment of error is without merit and is overruled.
 Appellant's fourth assignment of error: {¶ 28} Barker argues that the trial court erred in applying the standards laid out by the U.S. Supreme Court in Sell v. U.S. Particularly he argues that the trial court failed to find that without treatment Barker will spend considerable time in confinement and that the record did not support the trial court's conclusion that the medication would restore the defendant to competency. We disagree.
 {¶ 29} As we stated above, the Sell Court required that trial court must make the following findings prior to forcibly medicating a mentally incompetent criminal defendant. The court must find that: (1) important governmental interests are at stake; (2) involuntary medication will significantly further those governmental interests, including rendering a defendant competent to stand trial without side effects that substantially interfere with Defendant's ability to assist his counsel at trial; (3) involuntary medication is necessary to further those interests and find that alternative treatments are unlikely to achieve substantially similar results; and (4) administration of the drugs is medically appropriate. Sell, supra at 180-181. In determining whether important governmental interests are at stake, the Sell court acknowledged that bringing an accused to trial is per se important, but stated that the court must consider the facts of each individual case when evaluating the governmental interest at stake in the case. Id. at 180. One of the facts which the Sell court instructed the lower courts to consider is the possibility that the defendant could be subjected to a lengthy confinement in an institution if he is not medicated and that such a lengthy confinement would diminish the risks that attach to freeing without punishment one who has committed a serious crime. Id. at 180.
 {¶ 30} However, it would be error for an appellate court to presume that a lower court failed to consider certain evidence only because it was not mentioned in the sentencing opinion. State v. Phillips,74 Ohio St.3d 72, 102, 1995-Ohio-171. Rather the opposite is true, an appellate court must presume the regularity of the trial court proceedings absent evidence to the contrary. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 31} Barker argues that the trial court failed to consider whether Barker will have to spend a considerable amount of time in confinement if he is not treated with medication and that the record did not support the court's finding that the medication was substantially likely to restore Barker to competency.
 {¶ 32} First, we will address Barker's argument that the trial court committed reversible error because it failed to consider whether Barker would spend a considerable amount of time in an institution. As Sell
recognized, bringing an accused defendant to trial is an important governmental interest. The trial court noted that the State had an important governmental interest in bringing Barker to trial on the indicted rape charges. Moreover, the trial court stated that it considered the facts of this individual case and found no special circumstance that would lessen the State's important interest of bringing Barker to trial on the charges. Pursuant to Phillips and Knapp, we cannot say that the trial court failed to consider the fact that Barker may be confined for a long period of time if he fails to take his medication, simply because the court failed to mention this fact specifically. Rather, the trial court stated that it had considered the facts of this individual case and we must presume that this included consideration of whether Barker could possibly be incarcerated for an extended period of time if he fails to take his medication.
 {¶ 33} In support of his argument that the record did not support the trial court's determination that the forced medication would likely restore him to competency, Barker argues the evidence showed that side effects from the medications would hamper his ability to assist his counsel at trial. In support of his argument, Barker points to the fact that the court ordered that the side effects of the medication be monitored. However, we fail to see an inconsistency in the trial court's determination that the forced medication would likely restore Barker to competency but that the side effects should be monitored. A significant portion of Barker's argument at the hearing dealt with the possible side effects of the medications. The trial court merely seeking that these side effects be monitored does not mean that the court could not have found that the medication would restore Barker to competency. We see no error in the trial court concluding that the medication would restore Barker to competency and that he would then be able to assist his counsel at his trial. Barker's fourth assignment of error is without merit and is overruled.
 {¶ 34} The judgment of the trial court is affirmed.
Wolff, J. and Grady, J., concur.