OPINION
{¶ 1} Kevin D. McClelland, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court ordered that he could be forced to take medication to restore competency.
 {¶ 2} On February 9, 2006, appellant was indicted for felonious assault, in violation of R.C. 2903.11, which is a first-degree felony, and assault, a violation of R.C. 2903.13, which is a fourth-degree felony. During the course of the matter, the issue of appellant's competency arose, and, on September 5, 2006, the trial court found appellant *Page 2 
was incompetent to stand trial. The court ordered appellant to undergo treatment to restore competency at Twin Valley Behavioral Healthcare ("Twin Valley") for a period of one year. On October 26, 2006, Twin Valley filed a petition requesting that it be authorized to involuntarily administer medication to appellant because he refused to take medication. A hearing was held before the trial court on November 3, 2006. The trial court orally granted the petition at the conclusion of the hearing, and, on November 9, 2006, the trial court issued a judgment ordering appellant to take medication to restore competency. The trial court also ordered a stay on the judgment, pending appeal. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 THE TRIAL COURT ERRS IN APPLYING THE STANDARDS ENUNCIATED IN U.S. V. SELL (2003), 539 U.S. 166, WHEN IT ORDERS INVOLUNTARY MEDICATION OF A DEFENDANT, BUT MAKES NO FINDING THAT THE ADMINISTRATION OF THE DRUG(S) IS SUBSTANTIALLY UNLIKELY TO HAVE SIDE EFFECTS THAT WILL INTERFERE SIGNIFICANTLY WITH THAT DEFENDANT'S ABILITY TO ASSIST IN HIS CRIMINAL DEFENSE.
 {¶ 3} Appellant asserts in his assignment of error that the trial court erred in ordering him to involuntarily take medication without complying with the requirements in Sell v. United States (2003),539 U.S. 166, 123 S.Ct. 2174. R.C. 2945.38(B)(1)(c) provides the statutory basis for ordering forced medication and provides:
 If the defendant is found incompetent to stand trial, if the chief clinical officer of the hospital or facility, the managing officer of the institution, the director of the program, or the person to which the defendant is committed for *Page 3 
treatment or continuing evaluation and treatment under division (B)(1)(b) of this section determines that medication is necessary to restore the defendant's competency to stand trial, and if the defendant lacks the capacity to give informed consent or refuses medication, the chief clinical officer, managing officer, director, or person to which the defendant is committed for treatment or continuing evaluation and treatment may petition the court for authorization for the involuntary administration of medication. The court shall hold a hearing on the petition within five days of the filing of the petition if the petition was filed in a municipal court or a county court regarding an incompetent defendant charged with a misdemeanor or within ten days of the filing of the petition if the petition was filed in a court of common pleas regarding an incompetent defendant charged with a felony offense. Following the hearing, the court may authorize the involuntary administration of medication or may dismiss the petition.
 {¶ 4} Although R.C. 2945.38 does not contain specific standards for a trial court to apply in making a determination under the statute, inSell, the United States Supreme Court found that the constitution permits the government to involuntarily administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary to further important governmental trial-related interests. Id., at 179. The court found, at 180-181, that this standard fairly implies the following:
 First, a court must find that important
governmental interests are at stake. The Government's interest in bringing to trial an individual accused of a serious crime is important. That is so whether the offense is a serious crime against the person or a serious crime against property. In both instances, the Government seeks to protect through application of the criminal law the basic human need for security. * * *
 Courts, however, must consider the facts of the individual case in evaluating the Government's interest in prosecution. Special circumstances may lessen the importance of that interest. The defendant's failure to take drugs voluntarily, for example, may mean lengthy confinement in an institution for the mentally ill — and that would diminish the risks that *Page 4 
ordinarily attach to freeing without punishment one who has committed a serious crime. * * *
 Second, the court must conclude that involuntary medication will significantly further those concomitant state interests. It must find that administration of the drugs is substantially likely to render the defendant competent to stand trial. At the same time, it must find that administration of the drugs is substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense, thereby rendering the trial unfair. * * *
 Third, the court must conclude that involuntary medication is necessary to further those interests. The court must find that any alternative, less intrusive treatments are unlikely to achieve substantially the same results. * * * And the court must consider less intrusive means for administering the drugs, e.g., a court order to the defendant backed by the contempt power, before considering more intrusive methods.
 Fourth, as we have said, the court must conclude that administration of the drugs is medically appropriate, i.e., in the patient's best medical interest in light of his medical condition. The specific kinds of drugs at issue may matter here as elsewhere. Different kinds of antipsychotic drugs may produce different side effects and enjoy different levels of success. * * *
(Emphasis sic.)
 {¶ 5} In the present case, appellant takes issue only with regard to one of the "sub-factors" under the second "factor" above. Specifically, appellant argues that the trial court never addressed in either its oral pronouncement or its written judgment whether the medications were substantially unlikely to have side effects that will interfere significantly with his ability to assist counsel in conducting a trial defense. The state counters that a finding as to the substantial unlikelihood sub-factor is necessarily implied in the broader finding of the second factor, which the trial court did make, when it found *Page 5 
"that the involuntary medication that is proposed by Twin Valley will significantly further those governmental interests[.]"
 {¶ 6} Only two Ohio cases have addressed the requirements inSell, both from the Second District Court of Appeals. In State v.Barker, Montgomery App. No. 20417, 2005-Ohio-298, the defendant argued that the trial court failed to specifically find that, without treatment, he would spend considerable time in confinement, which was discussed under the first factor in Sell. The appellate court concluded that, because the trial court stated it had considered the facts of the case, it must presume regularity and assume this included the consideration of whether the defendant could be incarcerated for an extended period if he failed to take his medication. Id., at ¶ 32. The court stated it could not say the trial court failed to consider this fact simply because the court failed to mention the fact specifically. Id. More recently, in State v. Upshaw, 166 Ohio App.3d 95,2006-Ohio-1819, the defendant argued that the trial court failed to make any of the findings required by Sell. The Second District Court of Appeals agreed that the trial court failed to make the requisite findings, citing as an example the trial court's failure to make a finding regarding the side effects of the proposed medications under the second factor in Sell. Id.
 {¶ 7} The present circumstances are analogous to those inUpshaw rather than those in Barker. With regard to Barker, the court inSell did not specifically require a court to "find" that, without treatment, the defendant would spend considerable time in confinement, but only indicated that a court must "consider" such fact.Sell, at 180. In contrast, in the present case, appellant argued the trial court failed to address whether the medications were substantially unlikely to have side effects that will interfere significantly *Page 6 
with his ability to assist with his defense, which the court inSell specifically required a trial court to "find," rather than merely "consider." Sell, at 181. Thus, because the court in Sell indicated a court must "find" this sub-factor, we cannot presume regularity in absence of an explicit finding. The present case is akin toUpshaw, in which the appellate court concluded that the trial court must specifically make a finding regarding the substantial unlikelihood of interfering side effects in order to comply with Sell. This is the same subfactor at issue in the present case. Consistent with Upshaw, we likewise find the trial court was required to specifically find on the record that the medications were substantially unlikely to have side effects that would interfere significantly with appellant's ability to assist with his defense.
 {¶ 8} We further note that at least two cases outside Ohio have reached conclusions consistent with our above determination that a trial court must make specific findings pursuant to Sell. In State v.Cantrell (2006), 132 Wash.App. 1038, a Washington appellate court concluded that the trial court was required to address all of theSell inquiries, including the impact of medication side effects, although it was not required to do so by rote in the order those inquiries are set forth in that opinion. In State v.Hernandez-Ramirez (2005), 129 Wash.App. 504, a Washington appellate court concluded the trial court properly conducted the Sell four-part inquiry, including whether any potential side effects would interfere with the defendant's ability to assist counsel at trial. Therefore, in both Cantrell and Hernandez-Ramirez, the court found that all of theSell "inquiries," including the side effects of the medications, must be addressed by the trial court. *Page 7 
 {¶ 9} In sum, Sell explicitly requires a trial court to "find" several factors and subfactors are present. Specific findings are appropriate to assure constitutional compliance. Further, without specific findings, a thorough and appropriate appellate review of the trial court's decision would be impossible. Therefore, for the above reasons, we find the trial court erred in ordering appellant to take medication involuntarily without making the findings required by Sell. Appellant's assignment of error is sustained.
 {¶ 10} Accordingly, appellant's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings. The trial court is not required to conduct another evidentiary hearing but may do so at its own discretion.
Judgment reversed and cause remanded.
 PETREE and TYACK, JJ., concur. *Page 1