DECISION
{¶ 1} Kevin D. McClelland is pursuing a second appeal of orders related to his hospitalization and efforts to restore him to competency through the use of medication he does not wish to take. In his first appeal, State v. McClelland, Franklin App. No. 06AP-1236, 2007-Ohio-841, we reversed the trial court's rulings with respect to the administration of medication and remanded the case for further findings with respect to *Page 2 
the requirements set forth in Sell v. United States (2003),539 U.S. 166, 123 S.Ct. 2174. The trial court then made additional findings and again ordered the administration of medication to help restore Mr. McClelland to competency.
 {¶ 2} Mr. McClelland has again appealed, assigning four errors for our review:
 [I.] THE TRIAL COURT ERRS IN APPLYING THE STANDARDS ENUNCIATED IN U.S. V. SELL (2003), 539 U.S. 166, WHEN IT PERFUNCTORILY CONCLUDES THAT THE ADMINISTRATION OF THE MEDICATION(S) IS SUBSTANTIALLY UNLIKELY TO HAVE SIDE EFFECTS THAT WILL INTERFERE SIGNIFICANTLY WITH THE DEFENDANT'S ABILITY TO ASSIST IN HIS CRIMINAL DEFENSE.
 [II] WHEN CONSIDERING A PETITION FOR THE INVOLUNTARY ADMINISTRATION OF PSYCHOTROPIC MEDICATIONS, A TRIAL COURT'S GRANT OF SUCH A PETITION IS INHERENTLY FLAWED AND SUBJECT TO REVERSAL WHERE THE COURT APPLIES THE STANDARD THAT THE FORCED MEDICATION IS SUBSTANTIALLY UNLIKELY TO HAVE SIDE EFFECTS THAT WILL INTERFERE SIGNIFICANTLY WITH THE DEFENDANT'S ABILITY TO "ASSIST HIS ATTORNEY IN HIS DEFENSE," AS OPPOSED TO THE STANDARD OF "ASSIST IN HIS DEFENSE."
 [III] THE TRIAL COURT VIOLATES A CRIMINAL DEFENDANT'S SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHEN IT GRANTS A PETITION TO FORCE PSYCHOTROPIC MEDICATION, WHILE MAKING NO ASSESSMENT AS TO WHETHER OR NOT THE MEDICATION'S SIDE EFFECTS WILL SIGNIFICANTLY INTERFERE WITH THAT DEFENDANT'S RIGHT TO ASSIST IN HIS OWN DEFENSE.
 [IV] A TRIAL COURT COMMITS REVERSIBLE ERROR WHEN IT FAILS TO HOLD A HEARING WITHIN THE TEN-DAY REQUIRED TIME FRAME MANDATED IN REVISED CODE SECTION 2945.38(H), SUBSEQUENT TO AN EXAMINER DECLARING THAT A NON-COMPETENT DEFENDANT WILL NOT BE RESTORED TO *Page 3 
COMPETENCY WITHIN THE TIME FRAME ALLOTTED BY LAW.
 {¶ 3} Addressing the fourth assignment of error first, we do not believe that the failure of a trial court to conduct a hearing within ten days deprived the trial court of the authority to make the orders it made. Prompt action is important in situations such as that presented by Mr. McClelland's situation, but the legislature's ten-day time limit does not deprive a trial court of jurisdiction to act. See State v.Barker, Montgomery App. No. 20417, 2005-Ohio-298, at ¶ 26, 27 (ten-day limit is directory, not jurisdictional).
 {¶ 4} The fourth assignment of error is overruled.
 {¶ 5} The first, second and third assignments of error address the substance of the trial court's handling of the orders regarding the administration of medication. We remanded the case before, not because the trial court did not consider all the factors required bySell, idem. The trial court clearly considered the appropriate factors, as demonstrated by the trial court's prioritizing of the medication to be dispensed and the way the medications were to be administered. Instead, we remanded the case because the trial court's order with respect to medication did not include the express findings required bySell. We clearly indicated that another evidentiary hearing was not required, but that the trial court could make the findings it deemed appropriate based upon the evidence presented at the prior hearing. The trial court therefore did what we authorized — a course of action which encouraged the prompt resolution of the problems presented by Mr. McClelland's need to be restored to competency. *Page 4 
 {¶ 6} The trial court, upon remand, made findings which were those necessary for the needed medication to be dispensed and administered, should Mr. McClelland resist receiving the medication he needs.
 {¶ 7} Mr. McClelland's compelling problem is not a problem of an inability to understand the proceedings which occur in a trial court with respect to a criminal trial. Mr. McClelland's problem instead is an inability to control his emotions while interacting with others in the courtroom, including his own attorney. The medication which Twin Valley Behavioral Healthcare seeks to administer is intended to help Mr. McClelland be less volatile in a courtroom setting and less likely to act out with whomever he perceives as being an authority figure. Such self-control can be critically important for a person surrounded by deputy sheriffs and a bailiff.
 {¶ 8} The trial court's ruling with respect to the administration is fully supported by the record. The plan for medication as prioritized by the trial court is unlikely to have detrimental side effects.
 {¶ 9} The first assignment of error is overruled.
 {¶ 10} The second assignment of error is also overruled. Mr. McClelland has the benefit of capable counsel. Mr. McClelland had new counsel appointed several times. The situation presented is a situation where the medication will help Mr. McClelland interact with his lawyers, thereby helping Mr. McClelland to both assist in his defense and assist his attorney in his defense. The two are not separate concepts under the facts of this case. *Page 5 
 {¶ 11} The third assignment of error is overruled for the same reason. In the context of the case, assisting in his defense and assisting his attorney in the defense are not separate concepts. If Mr. McClelland were to attempt to represent himself, he would need the permission of the trial court to do so. Even then, standby counsel are usually appointed to assist a pro se defendant. If Mr. McClelland were sufficiently volatile, he would be excluded from the courtroom, which would leave him only with the benefit of his counsel's representation or with no representation at all if he were allowed to proceed pro se.
 {¶ 12} Again, the third assignment of error is overruled.
 {¶ 13} All four assignments of error having been overruled, the judgment and orders of the Franklin County Court of Common Pleas are affirmed.
Judgment affirmed.
FRENCH and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1