[Cite as *State v. Baird*, 2020-Ohio-2717.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                      No. 108515

    v.                               :

DENNIS BAIRD,                           :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 30, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-627999-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James Rice, Assistant Prosecuting Attorney, *for appellee.*

Buckeye Law Office, and P. Andrew Baker, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Dennis Baird appeals the order authorizing the involuntary administration of medications and treatment, which was meant to restore his competency to stand trial for menacing by stalking, a felony of the fourth degree

under R.C. 2903.211(A)(1). For the following reasons, we dismiss this appeal as moot and remand the case for further proceedings.

{¶ 2} Baird was diagnosed with an unspecified delusional disorder. The fourth-degree felony menacing by stalking charge was based on allegations that Baird developed the delusion that a doctor had implanted a device in his head during an outpatient sinus procedure. Between September 2016 and April 2018, Baird left hours of threatening voicemails on the doctor's phone, and sent a letter to the doctor declaring his belief that they had parented children together and also declaring his wishes to live with the doctor.

{¶ 3} In August 2018, Baird was deemed incompetent to stand trial and he was committed to Northcoast Behavioral Health ("NBH") in the attempt to restore his competency. In December of that year, it was determined that Baird was refusing to speak with his doctors and refusing to take any medications. The trial court authorized the forced administration of medication to facilitate the restoration of Baird's competency to stand trial for the pending charge. The trial court stayed execution of that order pending further evaluation. In April 2019, after considering additional medical and competency evaluations, the trial court lifted the stay and ordered the forced medication to proceed. It is from this order that Baird timely appealed.

{¶ 4} Baird, however, did not seek to stay execution of the trial court's interlocutory order, which is a final appealable one, until July 30, 2019, at which time this court granted a stay of execution. *State v. Muncie*, 91 Ohio St.3d 440, 441,

2001-Ohio-93, 746 N.E.2d 1092, paragraph two of the syllabus; *see also State v. Barker*, 2d Dist. Montgomery No. 21438, 2007-Ohio-4612 (defendant sought and was granted a stay of execution on the petition for forced medication under R.C. 2945.38 during the interlocutory appeal); *State v. Ramey*, 10th Dist. Franklin Nos. 19AP-642 and 19AP-643, 2019-Ohio-5087, ¶ 5, fn. 1 (appellant successfully sought a stay of the order forcing medication preserving the appeal). Thus, Baird was subject to the forced-medication order between April 8, 2019, and our stay issued on August 1, 2019. In addition, the trial court committed Baird to NBH for the purpose of ongoing treatment on August 3, 2018, remanding Baird to county jail until a bed became available.

{¶ 5} It is unclear what effect, if any, that August 1st stay had on the forced-medication issue. Under R.C. 2945.38(B)(1)(a), the length of evaluation and treatment of the defendant to determine whether there is a substantial probability that the defendant will be restored to competency "shall not exceed" four months. Under R.C. 2945.38(B)(1)(a)-(b), if the trial court determines that there is a substantial probability that the defendant will be restored to competency within one year, including situations in which the court orders forced medication under subdivision (B)(1)(c), the court may order the defendant to undergo treatment and further evaluations. Under R.C. 2945.38(C)(2), however, the total length of any treatment under subdivisions (B)(1)(a)-(c) cannot exceed six months for the fourth-

degree felony at issue in this case.[1] Baird had been ordered to undergo treatment to restore competency since August 3, 2018, and he had been under the forced-medication order since April 8, 2019.

{¶ 6} Regardless, while the appeal was pending, the trial court determined that Baird remained incompetent to stand trial[2] and was not likely to be restored to competency under R.C. 2945.38(H), which requires the trial court to discharge the offender if the defendant cannot be restored to competency within the statutory time frame unless the court retains jurisdiction under R.C. 2945.39, if applicable, or an affidavit is filed in the probate court for the civil commitment of the defendant under R.C. Chapter 5122 or 5123. *See also* R.C. 2945.38(H)(4) ("if the maximum time for treatment under division (C) has expired," the court "shall dismiss the indictment, information or complaint" and discharge the defendant unless the court or prosecutor files an affidavit for civil commitment in probate court). Because the

---

[1] On December 19, 2018, the trial court purportedly "stayed" the statutory restoration period from the date that the treating facility requested the forced medication under R.C. 2945.38(B)(1)(c). It is unclear under what authority the court purported to stay the statutory restrictions under R.C. 2945.38(C)(2), which expressly apply to subdivision (B)(1)(c). Regardless, the statutory restoration period is not an issue before us; we simply note the incongruity for the sake of clarity.

[2] Although the entry deeming Baird incompetent to stand trial within the one-year deadline was not made a part of the appellate record — it was filed after the date the record was filed — we take judicial notice of the journal entry as it is reflected on the trial court's electronic docket. "An appellate court may take judicial notice of prior proceedings in the same case and the docket of the lower court's case." *Smoyer v. Smoyer*, 10th Dist. Franklin No. 18AP-365, 2019-Ohio-3461, ¶ 21, fn. 1, citing *Stancourt v. Worthington City School Dist. Bd. of Edn.*, 164 Ohio App.3d 184, 2005-Ohio-5702, 841 N.E.2d 812, ¶ 14, fn. 3 (10th Dist.), and *Pollard v. Elber*, 2018-Ohio-4538, 123 N.E.3d 359, ¶ 14-15 (6th Dist.).

order appealed was an interlocutory one limited to the propriety of the forced-medication order, the trial court possessed jurisdiction over the remainder of the case. Further, neither party separately appealed the trial court's latest decision, and it is not apparent whether that decision was itself a final appealable order in full compliance with the letter of R.C. 2945.38(H)(4). Regardless, the trial court's latest decision — declaring that Baird's competency could not be restored within the statutory time frame irrespective of the forced-medication order — renders this appeal moot.

{¶ 7} "Generally, courts will not resolve issues that are moot." *State v. Marcum*, 2015-Ohio-5237, 54 N.E.3d 719, ¶ 6 (10th Dist.), citing *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, 861 N.E.2d 546, ¶ 11 (10th Dist.). An appeal will be deemed moot if the appellant seeks to obtain a "judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." *Id.*, citing *In re L.W.* When an appeal becomes moot based on an event occurring after the final entry of conviction, the appeal must be dismissed. *State v. Kimbro*, 8th Dist. Cuyahoga No. 107529, 2019-Ohio-1247, ¶ 2. This is because, in general, appellate courts avoid issuing advisory opinions. *Dohme v. Eurand Am., Inc.*, 130 Ohio St.3d 168, 2011-Ohio-4609, 956 N.E.2d 825, ¶ 27, citing *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 18, *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections*, 90 Ohio St.3d 238, 242, 2000-Ohio-67, 736 N.E.2d 893, and *Egan v. Natl. Distillers & Chem. Corp.*, 25 Ohio St.3d 176, 495 N.E.2d 904 (1986).

**{¶ 8}** The sole issue advanced in this appeal is whether the trial court erred in ordering the appropriate authority to forcibly medicate Baird, in order to facilitate his competency to stand trial within the statutory period. Because Baird is not now subjected to being forcibly medicated to restore his competency to stand trial, we no longer have a live case and controversy. Even if we were to agree with Baird's arguments and reverse the decision of the trial court, there would be no practical effect on Baird's situation — it has been concluded that Baird's competency cannot be timely restored notwithstanding the forced-medication order. Any decision we render on this issue would be advisory in nature.[3]

**{¶ 9}** We are aware of the decisions concluding that an exception to the mootness doctrine exists when a trial court orders the administration of medications in the context of a civil commitment. *See, e.g., Steele v. Hamilton Cty. Community Mental Health Bd.*, 90 Ohio St.3d 176, 189, 2000-Ohio-47, 736 N.E.2d 10, fn. 8 (in part concluding that the probate court's order to force medication was not moot because it is "possible" that the appellant could withdraw his permission to take the medications in the future and the probate court's original order would remain intact). Those decisions do not apply in this particular case. The issue raised in this case stems from the trial court's decision authorizing forced medication in the attempt to restore a defendant's competency to stand trial. An order authorizing the

---

[3] We further note that Baird's entire discussion on the merits of his appeal is based on case law derived from forced-medication orders in the context of civil commitment. The standard for those orders in the criminal context to restore competency to stand trial is distinct from its civil counterpart. *State v. Barker*, 2d Dist. Montgomery No. 20417, 2005-Ohio-298, ¶ 20. Our review would be extremely limited.

forced medication of a defendant to restore competency to stand trial is reviewed under a different standard than forced medication for civil, involuntary confinement. *Barker*, 2d Dist. Montgomery No. 20417, 2005-Ohio-298, at ¶ 20. In the civil-commitment context, forcible medication can be ordered only if the individual poses an imminent threat of harm to himself or others or lacks capacity to give or withhold informed consent about treatment. *Id.* In the criminal context, defendants can be forcibly medicated to restore competency to stand trial under the standards and procedures set forth by R.C. 2945.38, which stand separate and apart from the civil requirements. *Id.*

{¶ 10} Because the trial court in this case has concluded that restoration is not possible in the statutory time frame, the forced-medication order has been terminated. Any future issues with Baird's commitment will be addressed under the civil-commitment standards for authorizing the forced medication of a committed individual. R.C. 2945.38(H)(4) (proceedings in the probate court regarding commitments, even if authorized under R.C. 2945.39(A)(1), are civil proceedings). Accordingly, we cannot conclude that the forced-medication issue is capable of repetition in the criminal context in this case. *See, e.g.*, *In re Smith*, 4th Dist. Athens Nos. 92CA1561 and 92CA1568, 1993 Ohio App. LEXIS 5057, 6 (Sept. 29, 1993) (appellant's release from civil commitment mooted any issues with respect to the forced-medication issue).

{¶ 11} However, we note that under R.C. 2945.38(H), upon finding that the defendant's competency is not restorable after the maximum time allowed under

division (C) for the particular offense has expired, (1) the defendant shall be discharged unless the court or the prosecutor files an affidavit in probate court for civil commitment, or (2) if R.C. 2945.39 applies, upon motion of the prosecutor or the court, the court may retain jurisdiction over the defendant if at a hearing the court finds that the defendant committed the offense and is a mentally ill person subject to court order. *State v. Ellison*, 10th Dist. Franklin No. 17AP-328, 2018-Ohio-1835, ¶ 12. Absent the division (A)(2) findings under R.C. 2945.39, the court "shall" dismiss the indictment against the defendant unless the state or the court seeks the offender's civil commitment. R.C. 2945.38(H)(4); R.C. 2945.39(C); *State v. Dotson*, 8th Dist. Cuyahoga No. 92812, 2010-Ohio-3081, ¶ 8. In this case, the trial court could not make the finding that the defendant committed the offense after a hearing under R.C. 2945.39(A)(2), since that section was inapplicable to the fourth-degree felony at issue in this case, and there is no indication in the record that the prosecutor or trial court filed an affidavit in probate court for civil commitment. Accordingly, it is unclear whether the case has been fully resolved.

{¶ 12} In light of the fact that the trial court has concluded that Baird's competency cannot be restored within the statutory time frame, the sole issue advanced in this appeal is moot. There is no longer a live case or controversy to be resolved, and we cannot offer Baird any relief from the order authorizing Baird to be forcibly medicated for the purposes of restoring his competency to stand trial that is no longer in effect. The appeal is dismissed. Notwithstanding, in light of the fact that there has not been a final resolution of the matter entered upon the docket and

the order appealed was an interlocutory one, this case is remanded to the trial court

for further proceedings.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR